IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL W.,[1] | ) |
|       Plaintiff, | ) ) ) No. 19 C 1684 |
| v. | ) ) Magistrate Judge |
| ANDREW SAUL, Commissioner of Social Security,[2] | ) Maria Valdez ) ) |
|       Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Daniel W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 15, 2015, Plaintiff filed a claim for DIB, alleging disability since February 28, 2015 due to various mental impairments. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 25, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On January 31, 2018, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 28, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder, schizoaffective disorder, depression, neurodevelopment disorder not otherwise specified, and generalized anxiety disorder. The ALJ concluded at

step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform the full range of work at all exertional levels, with the following non-exertional limitations: understanding, remembering, and applying only simple information; routine work that must stay the same day to day; requiring only end of day performance expectations, not hourly production standards; and avoiding public interaction, team coordination, or more than occasional interaction with coworkers and supervisors. The ALJ expressly concluded that "[t]his individual is able to work five days a week, eight hours a day, at a consistent pace with only normal breaks." (R. 19.)

At step four, the ALJ noted that Plaintiff had no employment that lasted long enough to meet the requirement for past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

      The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

      Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in several ways, including: (1) failing to find that Plaintiff's impairments met or equaled a listing at step 3; (2) not accommodating all of Plaintiff's non-exertional limitations in his RFC; and (3) not meeting his burden at step 5. The Court agrees with Plaintiff that in forming his RFC, the ALJ disregarded evidence of disability and failed to incorporate all of his limitations.

The ALJ acknowledged Plaintiff's "well-documented history of mental impairment affecting his memory, interactions with others, concentration, and causing hallucinations and delusions," (R. 22), but he nevertheless concluded that because Plaintiff's impairments improved with medication, he could sustain full-time employment. The ALJ discussed Plaintiff's relative stability when he is compliant with medication but did not explain how improvement, without more, equates to the ability to work full time. Even with medication, Plaintiff suffered from anxiety, racing thoughts, and depression. *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) ("There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce."). Furthermore, the decision did not explore the reasons for or likelihood of Plaintiff's non-compliance in the future, which is important given the severe mental symptoms that often follow when Plaintiff is not medicated.

6

The ALJ also failed to build a logical bridge between the evidence he cited and his RFC determination. In support of his conclusion that Plaintiff did not suffer from disabling mental impairments, the ALJ repeated throughout the decision that Plaintiff sometimes worked fifteen to twenty-five hours a week for one or two pizza restaurants; he worked as a math tutor for a family friend; he engaged in social activities with friends and acquaintances; and he obtained an IT associate's degree. None of these reasons amounts to substantial evidence supporting the RFC.

Plaintiff's work history does not demonstrate that he is "able to work five days a week, eight hours a day, at a consistent pace with only normal breaks," (R. 19), as the ALJ very specifically asserted. Rather, it was so spotty that none of his previous jobs could be considered substantial gainful activity under the regulations. The ALJ emphasized that Plaintiff worked for two employers and once completed a ten-hour shift, but those brief examples do not diminish that Plaintiff had apparently never worked a full forty-hour week, or negate his testimony that he required extended breaks on the job and felt he could not work more than five or six hours. The ALJ did not discredit this testimony, which seems consistent with Plaintiff's work record, but he simply disregarded it.

The other reasons the ALJ gives to bolster his RFC finding are equally unpersuasive. The ALJ needed to explain how socializing with friends and acquaintances and sometimes working for a friend as a tutor are even roughly equivalent to sustaining full-time competitive employment, because the reasons for the comparison are not apparent to the Court. Finally, while it is commendable that

7

Plaintiff completed his associate's degree, the ALJ noted that he was able to obtain the certificate "because he had a flexible schedule that accommodate his symptoms and he took the course work over more than three years, instead of two." (R. 19.) Accordingly, the Court is again left mystified as to how Plaintiff's completion of the degree under these circumstances suggests that he could work "five days a week, eight hours a day, at a consistent pace with only normal breaks." (*Id.*)

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that his analysis at step 3 is complete.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

*/s/ Maria Valdez/*

**DATE:   June 25, 2020**   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

8